ORIGINAL

FILED
CLERK, U.S DISTRICT COURT
APR - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRENELL, | CASE NO. CV-04-10375 JFW |
| Plaintiff, | **DEFENDANTS' RULE 26(f) REPORT** ~~AND PROPOSED ORDER~~ |
| vs. | |
| THE UPS HEALTH AND WELFARE PACKAGE; UNITED PARCEL SERVICE OF AMERICA, INC., | Date: April 18, 2005<br>Time: 8:30 a.m.<br>Place: 312 N. Spring St. |
| Defendant(s). | |

DOCKETED ON CM
APR - 7 2005
BY _____ 001

12

LA/1108606.2

Defendants' efforts to reach Plaintiff's counsel in order to determine Plaintiff's position on the matters set forth below were unsuccessful. Defendants therefore file this Case Management Statement and Proposed Order:

## I. IS THE MATTER A COMPLEX CASE?

Defendants believe that the procedures of the Manual For Complex Litigation (current edition) should not be utilized in this matter.

## II. SETTLEMENT

Defendants are hopeful that they will be able to resolve this case in the near term as Plaintiff did not (a) file a claim for benefits within the required time; (b) ever appeal his claim denial by The UPS Health and Welfare Package (Plan); or (c) submit any evidence of disability to the Plan. The Parties currently are involved in discussions and document exchange in order to resolve these issues. In addition, Defendants plan to file a motion to dismiss. Defendants believe that they should be able to determine whether they can settle this matter in the near future and, accordingly, respectfully submit that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

If the Parties are unsuccessful in resolving this matter and any portion of Plaintiff's case survives Defendants' motion to dismiss, Defendants believe that Settlement Procedure No. 1 or 4 should be utilized.

### III. MOTION SCHEDULE

Defendants plan to file a dispositive motion by April 25, 2005 if they have not secured dismissal of this matter through settlement negotiations. If Defendants' motion to dismiss does not entirely resolve this matter, Defendants intend to petition this Court to remand this action in its entirety to the Plan so that Plaintiff can utilize the Plan's ERISA-mandated claims procedures. In addition, in the event that Defendants' motion does not entirely resolve the case, each side may file a motion for summary judgment based on the administrative record. Defendants respectfully request that the Court order that all motions be heard no later than February 28, 2006.

However, as noted above, Defendants propose that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

### IV. TRIAL ESTIMATE

Defendants believe that if this matter is not resolved through motion practice, it should be tried on the administrative record, subject to the remand issue noted above. Accordingly, Defendants do not believe that trial will exceed two days. Defendants respectfully request a final pretrial conference date of March 15, 2006 and a trial date of April 17, 2006. However, as noted above, Defendants propose that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and

1  file an updated Joint Case Management Statement and Proposed Order, if
2  necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date,
3  (3) estimating trial duration, (4) requesting any modifications or limitations to
4  discovery, (5) updating the list of likely motions, and (6) providing further updates
5  as appropriate.

## V.  ADDITIONAL PARTIES.

Defendants do not believe that any additional parties should be joined in this action.

## VI.  EXPERT WITNESSES.

Defendants believe that expert witnesses, if any, should be disclosed 120 days in advance of the trial date. However, as noted above, Defendants propose that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

## VII.  CHANGES TO RULE 26 DISCLOSURES

At this time Defendants do not believe that any modification to Rule 26 disclosures are necessary or appropriate. However, as noted above, Defendants propose that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and

confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

## VIII. DISCOVERY

Defendants believe that they may be able to resolve this matter without formal discovery; however, because the Parties still are engaged in the Rule 26 disclosure process, Defendants reserve the right to do so and request that the Court set a final discovery deadline of December 30, 2005. Defendants believe that there should be a discovery stay pending the outcome of their anticipated dispositive motion. If this motion does not fully resolve all aspects of Plaintiff's case, Defendants believe that this matter should be stayed in its entirety while Plaintiff's claims are remanded to the Plan so that Plaintiff may proceed through the Plan's ERISA-mandated claims procedures, which the Plan will make available without waiving any of its defenses. If Plaintiff resumes litigating this matter after exhausting the Plan's claims procedures, the stay should be lifted. If discovery is necessary, Defendants anticipate that they may need to conduct discovery relating to (a) the nature, timing, extent, treatment, and origin of Plaintiff's claimed disability; (b) the nature of Plaintiff's fee arrangement with counsel; and (c) other benefits that Plaintiff has received, might have been entitled to receive, or may receive in the future from entities other than the Plan.

However, as noted above, Defendants propose that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth

deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

## IX. CHANGES IN DISCOVERY TIMING AND IMPOSITION OF DISCOVERY LIMITATIONS

Defendants do not believe that any modifications to the limitations on discovery are appropriate or necessary. However, as noted above, Defendants propose the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

## X. RULE 26(C) OR RULE 16(B) ORDERS

Defendants do not believe that Rule 26(c) or Rule 16(b) orders are necessary or appropriate. However, as noted above, Defendants propose that the Court order that, (a) if the Parties have not settled by the time the Court rules on Defendants' anticipated motion to dismiss, and (b) Defendants' anticipated motion to dismiss does not fully resolve this matter, that they meet and confer and file an updated Joint Case Management Statement and Proposed Order, if necessary, (1) setting forth deadlines for discovery, (2) suggesting a trial date, (3) estimating trial duration, (4) requesting any modifications or limitations to discovery, (5) updating the list of likely motions, and (6) providing further updates as appropriate.

DATED: April 4, 2005

ETHAN LIPSIG
STEPHEN H. HARRIS
Paul, Hastings, Janofsky & Walker LLP

By: _____
STEPHEN H. HARRIS

Attorneys for Defendants
THE UPS HEALTH AND WELFARE PACKAGE AND
UNITED PARCEL SERVICE OF AMERICA, INC.

1
2  **CASE MANAGEMENT ORDER**
3
4  Defendants' Rule 26(f) Report and is hereby adopted by the Court as the Case
5  Management Order for the case and the Parties are ordered to comply with this
6  Order. In addition the Court orders:
7
...
16  _____
17  United States District Court Judge

## PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss:
CITY AND COUNTY OF LOS ANGELES )

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. On April 4, 2005, I served the foregoing document(s) described as:

**DEFENDANTS' RULE 26(f) REPORT AND PROPOSED ORDER**

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

> Frank N. Darras, Esq.
> Michael B. Horrow, Esq.
> Shernoff Bidart & Darras, LLP
> 600 South Indian Hill Boulevard
> Claremont, CA 91711

☐ **VIA OVERNIGHT MAIL:**

VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on April 4, 2005 with postage thereon fully prepaid, at Los Angeles, California.

☐ **VIA PERSONAL DELIVERY:**

I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # _____ on April 4, 2005 at _____. A copy of that report, which was properly issued by the transmitting machine, is attached hereto. **[Permitted by written agreement of the parties.]**

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 4, 2005, at Los Angeles, California.

_____
Donna Gay